The Presideutt,
The first objection stated to the judgment of the County Court is, that the demand is for sterling money, of the value of so much in Virginia currency; in support of which, the case of Scott’s ex. v. Call, is relied upon. The principle of that case is a strong one in support of this judgment. The error in that was, that the jury left the value of the sterling money to be ascertained by the Court, instead of settling it themselves; the very reverse of which has been done in the present case.
The next objection is, that the declaration is against Barnett Woolf oik &? Co., and the judgment is against Barnett &? W oolfolk only. The answer to this is obvious. Barnett & Woolf oik, are sued as the ostensible partners of the company, and have it completely in their power to make it a joint charge upon the whole company, by disclosing the names of the unknown partners by a plea in abatement. But instead of pleading this matter, they take the whole defence upon themselves, and it is certainly too late after verdict, to complain that the judgment is not against all the members of the company.
But it is objected, that no plea was put in by Bat- *490 nett, and consequentl}, that a verdict against him was improper. The declaration is against both; Woolfolk alone pleaded, and an issue was made up. Barnett voluntarily appeared, and desired to be made a defendant with Woolfolk. It is true, that he might have pleaded separately, if he had been inclined to do so : but not desiring it, his being made a defendant with the other, who was at issue, implies a consent to be united with him in his plea. This consent is suffi» cientlv established by his subsequent conduct. He acknowledged notice of the taking of Stoddards deposition ; proceeded to the trial, and defended the suit.
The fourth objection is, that no assumpsit was proven. To this there are two answers.— 1st. That the deposition does not appear to have been the only evidence given at the trial. 2dly. The plaintiff having proved a debt to be due, the law implies an assumpsit to pay it.
The fifth objection is to Stoddards deposition, on the score of interest. The only evidence as to this point, is the deposition itself. From that it appears that Forest id Stoddart paid the excess of the bill beyond the proceeds of the tobacco, at the request of Watson id Urquhart, and upon their special promise «to be answerable for such payment. When that was ascertained, they applied to Watson id Urquhart, who performed their promise, without any agreement to refund or to connect it in any manner with the fate of the. present dispute. So that Stoddart could be in no wise interested in the event of this cause. But it has been contended that the sales of the tobacco were fraudulent, and that there was a combination between Forest id Stoddart, and Watson id Urquhart, to shift the demand for the balance into the hands of the latter, to deprive Barnett, Woolfolk id Co. of their defence on the ground of the fraudulent sales. Of this combination there is no proof. On the contrary, th.- e is the strongest ground to presume otherwise. Watson id Urquhart appear to have been the friends oí Barnett, Woolfolk id Co. and as such they endorsed their I'll arid gave it credit. They went further, and requested honor to the bill, though the funds upon *491 which it was drawn should prove deficient: by which friendly interference they preserved the credit of the drawers, and saved them from the payment of damages, which would have been the consequence of the bills being protested. This conduct does not warrant a suspicion of combination to the prejudice of Barnett, Woolf oik & Co. But it was said that Watson & Urquhart ought not to have pa;d the money without the consent of War nett, fkoolfolk &? Co. If they had - been litigious, or inclined to evade a performance of their promise, they might have delayed payment under a pretext of this sort. But knowing that they Had induced Forest is? Stoddart to advance the money, they very properly, and without delay, repaid it with interest; having nothing to do with any dispute between them and the appellants; but leaving it to be litigated between them, when and how they pleased.. This may still be done if the appellants are inclined, and nothing sw orn by Stoddart in this suit, can avail him in that.
Another objection to this deposition is, that the witness has not subscribed it. Whether Stoddart could be prosecuted for perjury, in case he has taken a false oath, in consequence of this omission, is a question which we leave to be determined by those before whom the prosecution shall be instituted. The deposition is certified by two magistrates, to have been taken before them upon oath, which gives it sufficient authenticity.
The objection to the verdict applies merely to the form of it. The damages assessed by the jury are for the non-performance of the assumption, in the decíaration mentioned, and the irregularity, in the extension of the verdict, is apparently a clerical misprision, and therefore amendable.
Judgment of the District Court affirmed.(1)

 Moss et al. v. Moss’s adm. 4 Hen. & Munf. 301, 302.